RYAN G. WELDON
CARL E. ROSTAD
Assistant U.S. Attorneys
U.S. Attorney's Office
P.O. Box 3447
Great Falls, Montana 59403-3447
Direct Line: (406) 771-2001
Phone: (406) 761-7715
FAX: (406) 453-9973
E-Mail: Ryan.Weldon@usdoj.gov
Carl.Rostad@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

**FILED JUN 18 2015**
Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 15-35-GF-BMM |
|---|---|
| Plaintiff, | **INDICTMENT** |
| vs. | FALSE CLAIMS ACT CONSPIRACY<br>Title 18 U.S.C. § 286 (Count I)<br>(Penalty: Ten years imprisonment, $250,000 fine, and three years of supervised release) |
| SHAD JAMES HUSTON, | |
| Defendant. | SCHEME TO DEFRAUD THE CHIPPEWA CREE TRIBE/WIRE<br>Title 18 U.S.C. § 1343 (Count II)<br>(Penalty: 20 years imprisonment, $250,000 fine, and three years supervised release) |
| | BRIBERY – OFFERING AN OFFICIAL OF AN INDIAN TRIBAL GOVERNMENT RECEIVING FEDERAL FUNDING PAYMENTS FOR PERSONAL BENEFIT<br>Title 18 U.S.C. §§ 666(a)(2) (Count III)<br>(Penalty: Ten years imprisonment, $250,000 fine, and three years of supervised release) |

1

|  | **FALSE AND FRAUDULENT CLAIMS AGAINST A FEDERALLY FUNDED PROJECT (Count IV)** <br> **Title 18 U.S.C. §§ 287, 2** <br> **(Penalty: Five years imprisonment, $250,000 fine, and three years of supervised release)** |
|---|---|

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment:

1. The Chippewa Cree Tribe of the Rocky Boy's Indian Reservation was a federally recognized tribe located in north central Montana whose affairs were governed by the Chippewa Cree Business Committee and whose government was located at Box Elder, Montana.

2. Between October 2009 and September 2012, the Chippewa Cree Tribe of the Rocky Boy's Indian Reservation, received approximately $28 million in Public Law 638 Self-Governance Compact funds from the United States Department of the Interior, a portion of which was for construction and maintenance of roads on the Rocky Boy's Indian Reservation and for the operation and administration of the Chippewa Cree Tribe Roads Branch.

3. The American Recovery and Reinvestment Act of 2009 (ARRA)—commonly known as the Stimulus Bill—was enacted on February 17, 2009, and designed to preserve and create jobs, promote economic recovery, invest in

infrastructure that would provide long-term economic benefits, and to stabilize State and local government budgets.

4.     Between September 2009 and June 2011, the Chippewa Cree Tribe of Indians, of Rocky Boy's Indian Reservation, received $10.6 million in ARRA funding for construction and maintenance of roads on the Rocky Boy's Indian Reservation and for the operation and administration of the Chippewa Cree Tribe Roads Branch.

5.     Timothy Warren Rosette was the Director of the Chippewa Cree Tribe Roads Branch with responsibility for the award and approval of contracts relating to roads construction and maintenance.

6.     SHAD JAMES HUSTON was a Havre, Montana, businessman who controlled, either exclusively or jointly, the business affairs and financial accounts of K & N Consulting, LLC, TMP Services, LLC, Huston Leasing, LLP, Leon's Finance, Inc., Leon's Pawn and Rental, Inc., Wild Horse Ridge Enterprises, LLP, K Bar K Trucking, LLP, and the business known as Leon's Buy and Sell.

7.     K & N Consulting, LLC, was a Havre, Montana, consulting firm doing business with the Chippewa Cree Tribe Roads Branch and the Chippewa Cree Construction Corporation.

8. K Bar K Trucking, LLP, was a Havre, Montana, trucking business doing business with the Chippewa Cree Tribe Roads Branch and the Chippewa Cree Construction Corporation.

## COUNT I

That between on or about August 4, 2010, and continuing thereafter until on or about June 30, 2012, at Havre and Box Elder, in the State and District of Montana, and other places, the defendant, SHAD JAMES HUSTON, together with Timothy Warren Rosette, and with diverse other persons to the Grand Jury both known and unknown, did knowingly and intentionally agree and conspire to defraud the United States, and any department or agency thereof, by obtaining and aiding to obtain the payment and allowance of any false, fictitious, and fraudulent claim, in violation of 18 U.S.C. § 286.

## COUNT II

That between on or about August 4, 2010, and continuing thereafter until on or about June 30, 2012, at Havre and Box Elder, in the State and District of Montana, and other places, the defendant, SHAD JAMES HUSTON, together with Timothy Warren Rosette, having devised and intending to devise a material scheme and artifice to defraud the United States and the Chippewa Cree Tribe, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice, and attempting to do

4

so, did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice.

## THE SCHEME TO EMBEZZLE FUNDS PROVIDED FOR INFRASTRUCTURE CONSTRUCTION AND MAINTENANCE

During the period of the Indictment, it was part of the scheme and artifice to defraud the Chippewa Cree Tribe, that Timothy Warren Rosette, as an official, employee, and agent of the Chippewa Cree Tribe would award, and arrange and facilitate the award of, tribal contracts and payments to K Bar K Trucking, LLP, knowing that the contracts and payments were inflated and that he would be paid a personal benefit, bribe, or gratuity for doing business with SHAD JAMES HUSTON and K Bar K Trucking, LLP.

It was further part of the scheme and artifice to defraud that SHAD JAMES HUSTON, on behalf of K Bar K Trucking, LLC, would submit, and Timothy Warren Rosette would process or cause to be processed, the invoices and bills of K Bar K Trucking, LLC, well knowing that they were inflated and did not represent the true value of the goods and services received, and thereby extract federally provided and tribally controlled funds for their own personal use, benefit, and enrichment.

5

## THE INTERSTATE WIRE COMMUNICATIONS

During the period of the Indictment, the defendant, SHAD JAMES HUSTON, having devised and intending to devise a material scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, as described herein, for the purpose of executing the scheme to defraud, did cause to be transmitted by means of wire communication affecting interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, that is, the clearance of banking transactions drawn on accounts in Havre, in the State of Montana, through the Federal Reserve System in Minneapolis, in the State of Minnesota, in violation of 18 U.S.C. § 1343.

## COUNT IIII

That between on or about August 4, 2010, and continuing thereafter until on or about June 30, 2012, at Havre and Box Elder, in the State and District of Montana, and other places, the defendant, SHAD JAMES HUSTON, then doing business as, and on behalf of, K Bar K Trucking, LLP, did corruptly offer, give, and offer to give, a thing of value to Timothy Warren Rosette, with the intent to influence and reward Timothy Warren Rosette, then the Director of the Roads Branch of the Chippewa Cree tribal government, an agency of Indian tribal government, in connection with any business, transaction, and series of transactions involving $5,000 or more, that is,

the defendant, SHAD JAMES HUSTON, made cash payments in excess of $5,000, to Timothy Warren Rosette, to influence or reward Timothy Warren Rosette for contracting with K Bar K Trucking, LLP, in violation of 18 U.S.C. § 666(a)(2).

## COUNT IV

That between on or about August 4, 2010, and continuing thereafter until on or about June 30, 2012, at Havre and Box Elder, in the State and District of Montana, and other places, the defendant, SHAD JAMES HUSTON, did knowingly make and present, and cause to be made and presented, a claim upon or against the United States, and any department or agency thereof, knowing such claim to be false, fictitious, and fraudulent, that is, the defendant, SHAD JAMES HUSTON, presented and submitted, and caused to be accepted and approved for payment, invoices representing inflated amounts for goods and services provided by K Bar K Trucking, LLP, then and there well knowing that said claims did not accurately represent legitimate debt owed to K Bar K Trucking, LLC, and therefore was not a legitimate claim against the Chippewa Cree Tribe or the federal funds that support the operation of its Roads Branch, in violation of 18 U.S.C. § 287.

A TRUE BILL.

Foreperson signature redacted.  Original document filed under seal.

_____
FOREPERSON

_____
MICHAEL W. COTTER
United States Attorney

_____
JOSEPH E. THAGGARD
Criminal Chief Assistant U.S. Attorney

Crim. Summons ✓ _____

Warrant: _____

Bail: _____

6-23-2015 @ 10:00 a.m.
Great Falls, MT
Judge Johnston

8