

FILED
OCT - 2 2015
Clerk, U.S District Court
District Of Montana
Great Falls

RYAN G. WELDON
CARL E. ROSTAD
Assistant U.S. Attorneys
U.S. Attorney's Office
P.O. Box 3447
Great Falls, Montana 59403-3447
Phone: (406) 761-7715
FAX: (406) 453-9973
Email: Ryan.Weldon@usdoj.gov
Carl.Rostad@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 15-35-GF-BMM |
|---|---|
| Plaintiff, | |
| vs. | **PLEA AGREEMENT**<br>(Rule 11 (c)(1)(A),(B), *Federal Rules of Criminal Procedure*) |
| SHAD JAMES HUSTON, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Ryan G. Weldon, Assistant United States Attorney for the District of Montana, and the defendant, Shad James Huston, and his attorney, Anthony R. Gallagher, have agreed upon the following:

```
  RGW        ___         10/2/15
  AUSA       SJH    ARG   Date
```

1

1. **Scope**: This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charges**: The defendant agrees to plead guilty to Count III of the Indictment in *United States v. Shad James Huston*, CR-15-35-GF-BMM, which charges the crime of Bribery of a Tribal Government Official, in violation of 18 U.S.C. § 666(a)(2). The offense charged in the Count III of the Indictment carries a maximum punishment of ten years imprisonment, a $250,000 fine, three years supervised release, and a $100 special assessment.

3. **Nature of the Agreement**: The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by:

Rules 11(c)(1)(A)&(B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States (*a*) moves to dismiss, and the Court agrees to dismiss, Counts I, II, and IV of the Indictment in CR-15-35-GF-BMM, (*b*) moves to dismiss, and the Court agrees to dismiss, the Indictment and Superseding Indictment in CR-13-98-GF-BMM, (*c*)

| RGW | | | 10/2/15 |
|---|---|---|---|
| AUSA | SJH | ARG | Date |

2

moves to dismiss, and the Court agrees to dismiss, the Indictment and Superseding Indictment in CR-14-47-GF-BMM, *(d)* moves to dismiss, and the Court agrees to dismiss, Count II of the Indictment in CR-15-42-GF-BMM, and *(e)* agrees not to pursue other charges against the defendant based on facts arising out of Huston's financial dealings with the Chippewa Cree Tribe, its departments, corporations or enterprises, or any officers or agents of the Chippewa Cree Tribe, and *(e)* the United States makes the recommendations provided for in ¶ 7 below.

The defendant acknowledges and agrees to be responsible for complete restitution regardless of whether a count or counts of the above indictments have been dismissed as part of this plea agreement. *See* 18 U.S.C. § 3663(a)(3). The parties therefore stipulate and agree that the defendant will be responsible for $500,000 in total restitution for all counts of conviction and that the Court should use $500,000 for the fraud loss when calculating the guidelines under USSG §2B1.1(b)(1)(H).

The parties stipulate and agree to recommend that that court apply USSG §2C1.2 when calculating the base offense level.

_____  _____  _____  10/2/15
AUSA    SJH     ARG     Date

3

The defendant understands that if the agreement is accepted by the Court, there will not be an automatic right to withdraw the plea. The parties acknowledge that the Court is not bound by the recommendations of the parties and that the failure to follow such recommendations does not invalidate the plea agreement.

4. **Interdependence of Plea Agreements:** The defendant acknowledges that the agreement he has reached with the United States in this cause is one part of a larger disposition of multiple cases by agreements reached in this case and in *United States v. Tony James Belcourt, et al*, CR-13-98-GF-BMM, *United States v. Shad James Huston*, CR-14-47-GF-BMM, *United States v. Shad James Huston*, CR-15-35-GF-BMM, and *United States v. Shad James Huston*, CR-15-42-GF-BMM. This agreement is conditioned upon all agreements being accepted by the Court and concluded without the withdrawal from any of the agreements by the defendant or his companies. The defendant understands, therefore, that if he or his companies withdraw from any of the agreements, or the Court rejects this or either of the other agreements, all agreements will become null and void.

AUSA    SJH    ARG    Date 10/2/15

4

5.  **Admission of Guilt**: The defendant will plead guilty because he is in fact guilty of the charge contained in Count III of the Indictment in *United States v. Shad James Huston*, CR-15-35-GF-BMM. In pleading guilty, the defendant acknowledges that:

### Bribery of a Tribal Official/Federal Program
### Title 18 U.S.C. §§ 666(a)(2), 2

**First**, Shad Huston gave, offered, or agreed to give, or aided and abetted in the offer or agreement to give, something of value to Timothy Warren Rosette;

**Second**, Timothy Warren Rosette was an agent of an Indian tribal government receiving more than $10,000 under any federal program, subsidy, grant, contract, or other form of federal assistance;

**Third**, Shad Huston intended to influence or reward Timothy Warren Rosette in connection with some business, transaction, or series of transactions with the Indian tribal government;

**Fourth**, the transaction or series of transactions with the Indian tribal government involved a value of $5,000 or more; and,

**Fifth**, Shad Huston did so corruptly.

RGW  /s/  /s/  10/2/15
AUSA  SJH  ARG  Date

6. **Waiver of Rights by Plea**:

(a) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(b) The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial. The government must also consent and the court must approve a non-jury trial.

(c) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(d) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and his defense attorneys would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless,

PGW     _____     10/2/15
AUSA    SJH    ARG    Date

after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(e) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(g) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from his refusal to testify. Or the defendant could exercise the choice to testify on his own behalf.

| *[signature]* | *[signature]* | *[signature]* | 10/2/15 |
|---|---|---|---|
| AUSA | SJH | ARG | Date |

(h) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

(i) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

The defendant understands that by pleading guilty pursuant to this agreement, he is waiving all the rights set forth in this paragraph. The defendant's attorney has explained these rights and the consequences of waiving these rights.

7. **Recommendations**: The United States agrees to recommend to the Court that the sentence imposed in this case be served concurrently with any other sentence imposed.

The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, under USSG §3E1.1(a),

<span style="text-align:center">_[signatures]_ AUSA   SJH   RG   Date 10/2/15</span>

and will move for an additional one level, under USSG §3E1.1(b), if appropriate under the Guidelines, unless the defendant is found to have obstructed justice prior to sentencing, USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility.

The United States and the defendant are free to make any other sentencing recommendation, beyond those outlined in ¶¶ 3 and 7. The parties acknowledge that the recommendations of either party are not binding on the Court and failure to accept or follow any recommendation, does not void the agreement or permit an automatic withdrawal from the agreement by either party.

8. **Sentencing Guidelines**: Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable. The parties acknowledge that the recommendations of either party as to the applicability of any guideline provision is not binding on the Court and failure to accept or follow any recommendation does not void the agreement or permit an automatic withdrawal from the agreement by either party.

*[signatures]* AUSA   SJH   ARG   Date 10/2/15

9.  **Appeal Waivers:**

   a.  **Mutual Conditional Waiver of Appeal:** The defendant acknowledges that 18 U.S.C. § 3742(a) affords him the right to appeal the sentence imposed in this case. The prosecution has a comparable right of appeal provided in 18 U.S.C. § 3742(b). By this agreement the defendant waives his right to appeal any aspect of the sentence, including conditions of probation or supervised release, if the defendant has no objection to the calculation of the guidelines and the sentence imposed is within or below the range provided for by that calculation. The United States waives its right to appeal any aspect of the sentence if it has no objection to the calculation of the guidelines and the sentence imposed is within or above the range provided for by that calculation.

The defendant also waives his right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255. This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

*PaV*    *[signature]*    *[signature]*    10/2/15
AUSA     SJH              ARG              Date

### b. Waiver of Appeal of the Sentence – 5K motion:

The defendant acknowledges that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to USSG § 5K1.1 to reward the defendant for any substantial assistance provided before sentencing. If such a motion is made and the Court accepts the plea agreement, the defendant hereby waives all right to appeal any aspect of the sentence, including conditions of probation or supervised release, imposed by the Court.

If a motion for downward departure is made under USSG § 5K1.1, the defendant also agrees to waive his right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255. This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

### c. Waiver and Dismissal of Appeal of the Sentence – Rule 35 motion:

The defendant acknowledges that 18 U.S.C. § 3742 affords him the

AUSA   SJH   ARG   Date

11

right to appeal the sentence imposed in this case. Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a reduction of sentence pursuant to Rule 35, *Federal Rules of Criminal Procedure*, to reward the defendant for any substantial assistance the defendant provides after sentencing. If such a motion is made, the defendant hereby agrees to waive the defendant's right to appeal and to dismiss any pending appeal.

If a Rule 35 motion for reduction of sentence is made and granted by the Court, the defendant also agrees to waive his right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255. This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

10. **Voluntary Plea**: The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

| AUSA | SJH | ARG | Date |
|---|---|---|---|
| *RGW* | *[signature]* | *[signature]* | 10/2/15 |

11.     **Non-Prosecution and Dismissal**:   Beyond those crimes accounted for in CR-14-46-GF-BMM, CR-14-47-GF-BMM, CR-15-35-GF-BMM, and CR-15-42-GF-BMM, the United Sates agrees not to pursue other charges against the defendant based on facts arising out of Huston's financial dealings with the Chippewa Cree Tribe, its departments, corporations or enterprises, or any officers or agents of the Chippewa Cree Tribe.

12.     **Waiver of Speedy Trial**:   The defendant has agreed, unconditionally, to waive appeal if the government makes a substantial assistance motion pursuant to USSG §5K1.1 at the time of sentencing.   If such a motion is made by the government, and notwithstanding the agreement the defendant files a Notice of Appeal, the defendant expressly waives any and all objection under the Speedy Trial Act for any delay caused by the defendant's breach of the plea agreement between the time of sentencing and the date set for trial of the remaining count or counts of the Indictment.

13.     **Detention/Release Pending Sentencing**:   Provided the defendant has not previously violated the conditions of pretrial release, the United States will recommend continued release pending sentencing.   18 U.S.C. § 3143(a)(1) or (2).

14.     **Entire Agreement**: Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea

                                                                                                   _/s/_     _/s/_     _/s/_    10/2/15
                                                                                                   AUSA   SJH    ARG   Date

agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.**

MICHAEL W. COTTER
United States Attorney

_____
RYAN G. WELDON
Assistant U. S. Attorney

_____
SHAD JAMES HUSTON
Defendant

_____
ANTHONY R. GALLAGHER
Defense Counsel

| RGW | | | 10/2/15 |
|---|---|---|---|
| AUSA | SJH | ARG | Date |